UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Index No. 2007 CV

**07**      **5262**

---------------------------------------------------

SHAWN MONTROSE AND ANNETTE MONTROSE

VERIFIED
COMPLAINT

Plaintiff

GLEESON, J.

-against

POLLAK, M.J

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, DETECTIVE HUTCHINSON
DETECTIVE ISAACS, AND POLICE OFFICER
"JOHN DOE"

U.S. DISTRICT COURT E.D.N.Y

★

DEC 1 8 2007     ★

Defendants

BROOKLYN OFFICE

---------------------------------------------------x

## INTRODUCTORY STATEMENT

1.     This is an action for damages sustained by plaintiff SHAWN MONTROSE,
(hereinafter referred to as SHAWN or plaintiff) and ANNETTE MONTROSE (hereinafter
referred to as ANNETTE and/or plaintiff) individually against the CITY of NEW YORK
(hereinafter referred to as the CITY), the NEW YORK CITY POLICE DEPARTMENT,
(hereinafter referred to as NYCPD), who attempted to initiate or initiated through its
employees, agents and/or assigns unlawfully assaulted, arrested, prosecuted and harassed
SHAWN MONTROSE and by plaintiff ANNETTE MONTROSE, his wife, for personal
injuries suffered and arising from the unlawful acts of the defendants, and against the
CITY, as the supervisory body responsible for the conduct of the defendants and for its
failure to take corrective action with respect to police personnel for their failure to act, etc.
whose vicious propensities were notorious, to assure proper training and supervision of the
personnel, or to implement meaningful procedures to discourage lawless official conduct,
which is sued as a "person" under Title 42 USC 1983; and the actions of the NYCPD in
initiating and/or attempting to initiate prosecution of a case against SHAWN
MONTROSE; in failure to prosecute the case against the right perpetrators, culprits, etc.
and/or fail to remedy the severe penalties/ conditions issued against him including the
initial arrest of SHAWN MONTROSE even though there was no evidence to base a
criminal prosecution and/or failed to attempt to arrest the rightful perpetrators; including
but not limited to the fact that the NYCPD having done nothing whatsoever to even
inquire let alone arrest the right perpetrators all of which resulted in mental and emotional

1

distress to both of the plaintiffs; plaintiffs seek recovery for their aforesaid damages, attorney's fees, etc.

2.    Through their negligence and/or their negligent failure to act and/or as to the CITY and/or NYCPD they failed to take reasonable and prudent steps required.

## JURISDICTION

3.    This action arises under Sections 1983 and 1988 of Title 42 of the United States Code, and the First, Fourth, and Eighth Amendments to the Constitution of the United States, and under the Constitution of the State of New York and the laws of the State of New York and the case law arising thereunder in similar 1983 matters.

## PARTIES

4.    At all times relevant to the allegations of this complaint, plaintiffs MRS. ANNETTE MONTROSE and SHAWN MONTROSE, wife and husband were individuals residing at 3601 Avenue J, Brooklyn, New York, 11210.

5.    That at all times hereinafter mentioned, the defendants, CITY and/or N.Y.C.P.D., and/or District Attorney's Office was is/are and still is/are a domestic and public benefit corporations, organized and existing under and by virtue of the laws of the State of New York.

6.    That NYCPD is/are on information and belief owned, operated and/or subject to directives of the defendant CITY.

7.    That at all times relevant to this complaint, or from 12/6/07 and thereafter, said defendants maintained and controlled in furtherance of its/their business by the said defendants, CITY and/or N.Y.C.P.D. in the Borough of Kings, City and State of New York; and was/were responsible for operating/controlling: jails, courts, police, police precincts, district attorneys, district attorneys' office, and/or their personal employees, and etc., this would include the New York City Department of Corrections.

2

8. At all times relevant, defendant NYCPD employees, supervisory personnel and the like

Det. Hutchinson (first name unknown F/N/U), Det. Isaacs (F/N/U) and police officer John

Doe specifically P.O. "John Doe" and/or other NYCPD personnel at the precinct in

question including but not limited to supervisors, the officers, and/or staff (whose

identities are presently unknown to plaintiff and/or are on information and belief) were

NYCPD personnel and/or officers employed by the NYCPD and/or by New York City

Police Department, to perform duties in the City of New York and elsewhere. At all times

relevant, defendants above-named were acting in the capacity of agents, servants and

employees of defendant City of New York and are sued individually and in their official

capacity.

9.      At all times relevant, defendant NYCPD was/were a municipal corporation(s) duly

formed under the laws of New York State, and/or an agency, subdivision, department, etc.

of the City of New York duly formed pursuant to law and/or is a domestic and public

benefit corporation organized or existing under and by virtue of the laws of the state of

New York and was the employer and supervisor of defendant NYCPD supervisory staff

and/or police officers.  As such, it (NYCPD and/or CITY) was/were responsible for

training, supervision and conduct by defendants'.  Said defendants were also responsible,

under law, for enforcing the regulations of the NYCPD and/or New York City Police

Department and for ensuring that City of New York, NYCPD, and/or supervisory staff,

and personnel, as well as police officers in the employ of the NYPCD obey the laws of the

State of New York and of the United States.

10.      At all times relevant, defendant NYCPD was a municipal corporation duly formed

under the laws of New York State and/or an agency, subdivision, department, etc. of the city of New York duly formed pursuant to law and/or is a domestic and public benefit corporation organized or existing under and by virtue of the laws of the state of New York, and was the employer and supervisor of defendant police officers. As such, it was responsible for training, supervision and conduct by defendants of its supervisory staff, personnel, officers, etc. It was also responsible, under law, for enforcing the regulations of the New York City Police Department and for ensuring that City of New York police personnel obey the laws of the State of New York and of the United States.

11.    At all times relevant, defendant Det. Hutchinson and Det. Isaacs and "John Doe" are employees of the NYCPD and on information and belief were in the employ of the NYCPD and working and/or at the time of the illegal detention and/or arrest of the plaintiff SHAWN MONTROSE the names and addresses of the said other perpetrators as to name and addresses are unknown to plaintiffs and their counsel. They are responsible, under law, for enforcing the regulations of the NYCPD and for ensuring that City of New York NYCPD personnel, etc. obey the laws of the State of New York and of the United States. At all times relevant hereto and in all their actions described herein, defendant NYCPD personnel, etc. were acting under color of law and pursuant to their authority as NYCPD personnel.

## FACTUAL ALLEGATIONS

12.    That NYCPD and/or NYCPD is/are on information and belief owned, operated and/or subject to directives of the defendant CITY.

13.    That on or about 12/6/07 the plaintiff SHAWN MONTROSE was falsely arrested/accused of being involved in a robbery/grand larceny/possession of a weapon

4

and/or reckless endangerment etc. etc. by the N.Y.C.P.D. and subsequently detained and then arrested and/or held/incarcerated, booked(on information and belief Plaintiff was booked and incorrectly held under the name of SHAWN, A/K/A SHAWN, MONTROSE after having been initially arrested on a Tuesday night), processed, arraigned, imprisoned that on information and belief as Assistant District Attorney at the precinct and/or Central Booking also initially made a decision to hold and charge Plaintiff. That plaintiff SHAWN MONTROSE was held for approx. 26 hours and then was released before seeing a judge. That the initial illegal and/or false arrest and/or false imprisonment of the Plaintiff on the aforementioned false charges was on or about 12/6 through 12/7/06 based on the intentioned illegal detention and/or arrest and subsequent holding of Plaintiff in the holding pens at central booking and then at 120 Schermerhorn Street on criminal charges.

14.    The Plaintiff as a result of said acts of defendants was falsely accused, arrested, imprisoned, and subjected to intolerable conditions and unacceptable behavior of those who held him in custody, other intentional and/or negligent acts of defendants and/or on the part of the defendants included but were not limited to lengthy and intolerable interrogations and being forcibly held and falsely imprisoned for approximately four months.

15.    The Plaintiff suffered from the said acts of defendants and/or failure to act including mental and emotional distress, the plaintiff was physically made uncomfortable and/or verbally abused by "inmates" and/or guards and/or police. The Plaintiff became ill while incarcerated and was not afforded adequate medical attention and/or treatment. Plaintiff was deprived of his liberty, the ability to earn a living and suffered lost earnings, deprived and/or lost companionship of wife ANNETTE MONTROSE and family and

friends. Plaintiff now has a record of an arrest and this may interfere with any subsequent application for employment. The plaintiff was forced to incur legal and medical expenses and the like, etc., etc.

16.      On information and belief the City of New York has negligently  failed to properly administer it's agencies departments and the like in regard to the maintenance design supervision and control over those accused, detained, arrested, and/or incarcerated and in particular the Plaintiff.  The said negligence of the CITY has contributed and/or is responsible for the accident that occurred the plaintiffs intestate injuries and/or demise.

17.      On information and belief defendants, CITY and/or NYCPD, and/or the  District Attorney Kings County negligently failed to train, supervise, or provide officers and/or Assistant District Attorneys (here at the precinct, central booking/complaint level) to supervise and/or control the administration of justice. That as a result of the said negligence the plaintiff suffered.

18.      That by reason of the aforesaid occurrence, and defendants negligence and the injuries which he sustained thereby the plaintiff SHAWN MONTROSE was made sick, sore, and disabled and was caused to suffer grievous pain and agony and mental anguish from the time of the accident until the present day said conscious pain and suffering, which resulted from said injuries sustained as aforesaid, damaged SHAWN MONTROSE in the sum of One Million ($1,000,000.00) Dollars.

19.      The Plaintiff not only was falsely arrested and accused by the N.Y.C.P.D. and/or DA but he was also incorrectly identified as the perpetrator/criminal when he was arrested. Said intentional and/or negligent arrest/ naming of this Plaintiff as a perpetrator criminal had serious repercussions and damaged the Plaintiff, for instance; The Plaintiff's

family, friends and attorney and/or the family attorney could not locate him in the Criminal Justice system including where he was incarcerated. It was virtually impossible to raise bail and/or establish this Plaintiff's innocence and/or prepare an application for eligibility for parole before the court since the attorney hired by his wife could not locate his whereabouts. Defendants destroyed plaintiff's credibility and undermined the efforts of all those attempting to secure his release and/or prepare a defense. For instance it was impossible to locate the Plaintiff to even confer with him. Plaintiff's status in the community has been permanently compromised. His arrest may be made known to potential employers e.g. after receipt from Transportation Security Administration (TSA) of denial of license because of "open disposition for a potentially disqualifying criminal defense- Second Degree Robbery, in New York City, NY, on or about December 6, 2006". He was not able to secure a position that he applied for at an increase of pay as a truck driver for vehicles carrying specialized cargoes. He is forever subject to derision, and the necessity of defending himself, etc. The episode had a negative effect on his job and/or with his employer.

20.     That on information and belief the Defendants, N. Y. C. P. D. it's police officers, detectives, agents and the like, and/or the Defendant District Attorneys' office of Kings County had information that this Plaintiff was innocent and was not involved in the crimes that he was charged with, but intentionally and/or negligently withheld information from the court, the plaintiff, his family, employer and friends, and his defense attorneys that would have exonerated the Plaintiff and/or should have resulted in his immediate release.

21.     That on information and belief the Police and/or District Attorneys office of Kings County did everything possible to prevent this Plaintiff from being released and/or that the

charges be 'dropped 'against him, despite possessing evidence that he was innocent.

22.     That on information and belief the Defendants N.Y.C.P.D and/or District Attorney intentionally did the aforementioned acts to keep the Plaintiff incarcerated with the hope that the Plaintiff could provide some incriminating information against some imaginary perpetrator(s).

23.     That on information and belief no pleading or affidavit of any type was properly filed by the Defendants to hold this Plaintiff as a defendant and/or as a material witness, therefore there were no legal grounds to incarcerate him.

24.     That the Plaintiff was held as a prisoner against his will in jail for approximately 31 hours and was effectively prevented from earning his livelihood, since he was gainfully employed prior to and/or at the time of his illegal and false arrest, subsequent attempt to file criminal charges and subsequent continued false imprisonment.

25.     That on information and belief, the Assistant District Attorney and/or the District Attorneys Office in Kings County and/or the NYCPD, soon after the arrest of the Plaintiff, and/or the events that the Plaintiff was arrested for became aware of the facts and realized and/or had proof of evidence and/or information that the Plaintiff was innocent and/or exonerating him and was not involved in the crimes alleged.

26.     That on information and belief, the defendants NYCPD deliberately continued their applications before the court to keep defendant incarcerated and/or inaccurately drafted false criminal charges and/or continued to keep this Plaintiff incarcerated and under arrest, despite the knowledge that he was innocent, etc.

27.     That on information and belief, despite the actions of the defendant police/NYCPD an assistant district attorney at Criminal Court reviewed the court file and evidence made

8

deliberate and incisive inquiry of the police officers handling the case, reviewed the evidence, and ordered this plaintiff released forthwith over the objection of police.

28.     That the said findings of the said assistant district attorney are tantamount to finding the said defendants (NYCPD and CITY) are liable for the intentional torts denoted in this complaint; false arrest, false imprisonment, intentional infliction of mental distress, prima facie tort, and/or that the said defendants were liable for their negligence and/or were negligent for their said actions and/or are liable for fraud.

29.     That such arrest/false imprisonment/commitment of the Plaintiff was void on its face and/or became void when the evidence was compiled by defendants exonerating the plaintiff.

30.     That on information and belief the defendants fraudulently and/or knowingly withheld from the Plaintiff, his family and/or his attorneys any and all information in their possession that would have exonerated the defendant and which should have resulted in his immediate release that the said knowing and fraudulent actions by the defendants continued in the false and illegal false imprisonment of the Plaintiff and resulted in the physical, mental, and emotional distress that he SHAWN MONTROSE endured because of the said acts of the defendants, and therefore the said defendants are liable for fraud.

31.     That plaintiff wife suffered loss of consortium and/or companionship of her husband that for over 24 hours; she could not locate her husband because of defendant's negligent acts. That she was required to engage counsel, lose time from work and was emotionally distraught and disturbed and suffered emotionally from said events and negligence of defendants.

32.     That plaintiff was kept in jail for approximately 36 hours.

9

33.     That plaintiff was held in custody in the detention cells of the police station; and then held in the detention cells and/or a jail(s) maintained by the defendant CITY, e.g. by Dept. Of Corrections.

34.     That as a result of the foregoing acts of the defendants the Plaintiff and/or his family were compelled to retain counsel and/or expend monies for the defense/ representation/ and/or attempts to secure the release of Plaintiff and etc., and will continue to be obligated for legal expenses in the future.

35.     That a notice of claim and/or notice of intention to sue was duly served upon the defendants within 90 days after the said cause of action of the plaintiff accrued.

36.     That more than thirty days have elapsed since the service of the said notice of claim and/or notice of intention to sue upon defendant. Which read:

> "PLEASE TAKE NOTICE that the undersigned claimant(s) hereby make(s) claim and demand against the CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER HUTCHINSON AND POLICE OFFICER ISAACS AND DISTRICT ATTORNEY OF KINGS COUNTY as follows:
>
> 1.     The name and address of each claimant and claimants attorney is:
>
> SHAWN MONTROSE
> 3601 Avenue J
> Brooklyn, NY 11210
>
> ANNETTE MONTROSE
> 3601 Avenue J
> Brooklyn, NY 11210
>
> STUART R. SHAW, ESQ.
> 240 Madison Avenue, 7th Fl
> New York, N. Y. 10016
> (212) 661-6750
>
> 2.     The nature of the claim: The claimant SHAWN MONTROSE, hereinafter referred to as MONTROSE or CLAIMANT or ARRESTED PERSON, was falsely detained, arrested/accused of being involved in

crime, etc. etc. by the NYPD police and on information and belief the District Attorney, specifically the 75th Precinct, KINGS County, on or about 12/6/06. That the initial illegal detention, arrest and imprisonment of the ARRESTED PERSON/Claimant MONTROSE on the aforementioned false charges was on or about 12/6/06; that the ARRESTED PERSON/Claimant MONTROSE was falsely arrested, accused, imprisoned, and subjected to intolerable conditions and unacceptable behavior on the part of the defendants including but not limited to lengthy and intolerable interrogations, being humiliated, booked, fingerprinted, photographed, put in a cell after being put in a line up without an attorney, not provided his MIRANDA rights, warnings, etc.

3.     Claimant SHAWN MONTROSE hereinafter referred to as ARRESTED PERSON, ANNETTE MONTROSE hereinafter referred to as Wife. On or about Monday 12/4/06 a Detective Hutchinson called the Claimant on his cell phone. The wife was also called by P.O. Hutchinson. The claimant got a second phone call on 12/6/06 from Detective Hutchinson who requested the claimant to come down to the precinct to just sign some papers. The ARRESTED PERSON was not told that he was the subject of an investigation and/or that there was potential for an arrest and/or lineup, no MIRANDA warnings were given and there were no appointments (sic advice) to secure an attorney. At the time he was eventually told that the Detective was going to put him in a lineup. At about 4PM on 12/6/06, The defendant went to the 75th Precinct and saw a Detective Isaacs and it was at that moment for the 1st time SHAWN MONTROSE was told that he was there to discuss an alleged "home invasion"! SHAWN had called his wife ANNETTE to come and pick him up but the next thing he knew he was placed in a lineup against his will. SHAWN MONTROSE was never told of his right to an attorney or given any Miranda warnings. But was forced to appear in a lineup without having an opportunity to call an attorney, let alone consult with one. His wife the claimant ANNETE MONTROSE was also not apprised of what really was happening or going on or that her husband was being held against his will so she did not call an attorney. His wife had been called by the police but never given a hint that SHAWN was a "target."

4.     At approximately 1AM the police cuffed the claimant and took him downstairs to a cell in the premises where he was placed in custody against his will in said cell with another individual who was approximately 6'4". SHAWN... was emotionally traumatized by this situation of being left alone in a cell with a very large accused criminal! Sometime between 1AM and 4AM the police fingerprinted SHAWN and took photographs of him and then returned him to the same cell. At about 4AM the police ordered the claimant into a van with three other accused men and he was taken to central booking at 120 Schermerhorn Street where he was thoroughly searched everywhere about his body and photographs were taken again and he was taken to BMT for a physical and then placed in a holding cell with twenty other accused men that was filthy

and dirty and stunk of urine and feces and he was kept there for awhile and then at approximately 11PM he was cuffed again and the men in police uniforms took him to the back of that building and released him through the back door on arrest no. K6699721 (2006) without an explanation or provision of car fare, etc.

5.      The police had been advised that SHANW MONTROSE had absolutely no prior convictions, was employed and had been working as a driver for three years for the same company and the name and address of the company and phone numbers were given to the detectives and despite this; which probably established his alibi, since insufficient facts were provided to the claimants to defend SHAWN. SHAWN lost three days pay from his employer and the fact that he was arrested also affected his employment and his personal life detrimentally. His wife also was traumatized since he went to the precinct and they would not tell her what was going on at all! She became sick to the stomach and emotionally distraught.

4.      *The Claimant MONTROSE not only was illegally detained, falsely arrested and accused by the N.Y.C.P.D. but he was incorrectly accused when he was arrested as having been involved in a home invasion.  Claimant SHAWN MONTROSE was incorrectly negligently charged at the precinct by the KINGS County District Attorney and/or the N.Y.C.P.D. and thereafter was negligently incarcerated on the said Criminal Court case the aforementioned negligent actions of the N.Y.C.P.D. and KINGS County District Attorney by said negligent incorrect accusations against this Claimant MONTROSE has caused serious repercussions and damaged the Claimants. For instance the Claimant MONTROSE was separated from his family, friends and etc. and the fact that he was incarcerated made it difficult for his wife ANNETTE to locate him in the Criminal Justice system including why and where he was incarcerated. The mere fact of charging him destroyed the Claimants credibility with his employer. His arrest and detention has marred claimant's pristine reputation

5.      That on information and belief the Defendant N. Y. C. P. D. its police officers, detectives, agents and the like, and/or the Defendant District Attorneys office had information that this Claimant MONTROSE was innocent and not involved in the crimes that he was alleged to have committed, but intentionally withheld information from, the claimant SHAWN MONTROSE, and/or his wife that should have exonerated the Claimant SHANW (SIC SHAWN) MONTROSE from the onset and/or should have resulted in his immediate release and/or he never should have been put in the "line up" or interrogation in the 1st place. That on information and belief the Police and/or District Attorneys office did everything possible to prevent this Claimant MONTROSE from being released and/or timely released and/or that the charges be immediately dropped against him; that on information and belief the Defendants N.Y.C.P.D and/or District Attorney intentionally did the aforementioned

acts to keep the Claimant MONTROSE in jail "on ice"; that the Claimant MONTROSE was held as a prisoner against his will in jail on 12/6/06 until his release on 12/7/06 and was prevented from earning his livelihood as a driver since he was gainfully employed at the time of his illegal detention and false arrest and incarceration.

6.      That the claimant MONTROSE was negligently held by the defendants in spite of the fact that the claimant MONTROSE was innocent. That MONTROSE was not a perpetrator any crime This all caused him and his wife severe mental and emotional distress, etc. etc. Personal belongings were damaged and otherwise affected by the unreasonable search by the police that resulted in them finding no contraband or evidence to support their allegations against MONTROSE. This was not a consent detention, search, arrest or incarceration

7.      The time when, the place where and the manner in which the claim arose: see

above- 12/6/06-12/7/06, at or about midnight, 75th Precinct, Brooklyn, New York claimant MONTROSE was illegally detained, falsely arrested without an arrest or search warrant

8.      The items of damage or injuries claimed are ($1,000,000.00) see above numbers 1, 2 & 3:

1.      Negligence
2.      False arrest
3.      False Imprisonment
4.      Intentional infliction of mental
        distress
5.      Prima facie tort
6.      Fraud
7.      Abuse of Process
8.      Filing a false complaint and/or attempt and/or conspire to file false complaint, commit said illegal act

9.      The Claimants suffered mental and emotional distress, the claimant MONTROSE was physically, assaulted and/or abused by the arresting officers. The Claimant MONTROSE became ill while incarcerated and was not afforded adequate medical attention and/or treatment. Claimant MONTROSE was deprived of his liberty, the ability to earn a living and suffered lost earnings, deprived and/or lost companionship of family and friends. Claimant MONTROSE now on information and belief has a record of an arrest, arrest # K6699721, and this may interfere with any subsequent application for jobs etc, the claimant was forced to incur legal and medical expenses and the like etc., etc.  Both Claimants suffered mental and emotional distress etc.

10.      AMOUNT CLAIMED: $1,000,000.00 against each defendant in negligence for false arrest, false imprisonment, fraud, intentional infliction of menial distress, etc. in favor of each individual claimant against each individual defendant Punitive Damages $1,000,000.00 against each Defendant in favor of each claimant, Compensatory Damages

$1,000,000.00 against each Defendant in favor of each claimant.
TOTAL AMOUNT CLAIMED: $36,000,000.00"

37.     That the defendants and its comptroller and/or counsel have failed, neglected and

refused to pay, settle, compromise or adjust the claim of the plaintiff herein, despite the

fact that a 50H hearing/ EBT/deposition was held 5/17/07 where both plaintiffs testified

on 5/17/07.

38.     That this action has been commenced within one year and ninety days after the

cause of action of plaintiff accrued; notice of claim was served personally and by certified

mail no. 7003 0500 0004 3756 7887 on March 2, 2007, the plaintiff duly purchased a

summons on or about 12/5/07.

39.   That at all times relevant to this complaint, or from on or about 12/6/06 and

thereafter, said defendants maintained and controlled in furtherance of its/ their business

by the said defendants, CITY and/or NYCPD in the Borough of Kings, City and State of

New York and was/were responsible for operating/ controlling: precincts, precinct

districts, high precincts, prosecution of criminal court cases, jails, courts, police, police

precincts, district attorneys office, and/or their personal employees, and etc. etc..

40.     That the complainant SHAWN MONTROSE'S criminal case was not formally

dismissed until 3/15/07 or less than 90 days before the submission of this second revised

notice of claim.

41.     SHAWN was required to retain counsel, STUART R. SHAW, ESQ. to defend him

on the criminal charges that were returnable on the Criminal Court of the City of New

York. Those charges were eventually "dismissed" by letter.

42.     From the date of the incident on or about 12/6/06 and the subsequent issue on the

personnel at the NYCPD of the City of New York and in particular DETECTIVE

14

HUTCHINSON AND DETECTIVE ISAACS AND JOHN DOE. The NYPD was and is totally uncooperative and did nothing to prosecute any kind of action either disciplinary, within the precinct system or criminal against the said perpetrators/ defendant. The same holds true for supervisory personnel employed by the CITY and/or NYPD the same inaction also was exhibited by the NYCPD and the office of the DISTRICT ATTORNEY. In the interim SHAWN and his wife ANNETTE have lived in fear that he will be arrested again without any basis for same since his photos and prints were never returned.

43.     SHAWN and ANNETTE MONTROSE are depressed and emotionally distressed and fearful for his life.

44.     Plaintiff SHAWN MONTROSE sustained bodily injuries as a result of the false arrest. He also suffered severe emotional distress and embarrassment; together with other injuries and inconveniences spelled out herein and in the Notice of Claim served upon the defendants.

45.     Plaintiff ANNETTE MONTROSE, the legal wife of SHAWN MONTROSE who came to the precinct and in effect was present at the time of the said phone call that led up to his false arrest, forcible detention, etc., ANNETTE MONTROSE lawfully had attempted to intercede and explain the history of the situation but was ignored and berated by the said supervisors employed by the NYCPD who directed the police officers/detectives to arrest SHAWN and in effect prevented his release.  Plaintiff ANNETTE MONTROSE has sustained serious emotional and psychological injuries as a result of her husband's wrongful arrest and any period of time that he was in detention/incarceration and/or prosecuted and was put in psychological fear brought on by erroneous actions of the defendant NYCPD and/or CITY.

46.     Plaintiff SHAWN MONTROSE was accused with a variety of crimes. However, on or about 12/7/06 SHAWN MONTROSE was released without explanation.

47.     As a result of his treatment at the hands of the defendants' (in particular the NYCPD and DETECTIVE HUTCHINSON, ISAACS, JOHN DOE), plaintiff SHAWN MONTROSE suffered physical and mental injury, pain, humiliation and emotional distress, in addition to his loss of liberty.

48.     Upon information and belief, the abuse to which the plaintiffs were subjected was consistent with an institutionalized practice of the NYCPD of the City of New York, which was known to and ratified by defendant City of New York, said defendants having at no time taken any effective action to prevent NYCPD and/or police personnel from continuing to engage in such misconduct.

49.     Upon information and belief, defendants City of New York and/or NYCPD and/or NYCPD had prior notice of the propensities of defendant NYCPD personnel and/or police officers and/or lack of training, but took no steps to train them, correct their abuse of authority or to discourage their unlawful use of authority. The failure to properly train said defendants included lack of instruction as to the proper procedure to protect citizens who were threatened and/or assaulted by criminals.

50.     Upon information and belief, defendants City of New York and/or NYCPD and NYCPD authorized, tolerated as institutionalized practices, and ratified the misconduct herein before detailed by: (a) failing to properly discipline, restrict and control NYCPD and/or NYCPD employees, supervisors, and supervisory staff of police officers including those posted for patrol  (b) failing to take adequate precautions in the hiring, promotion and retention of NYCPD and/or police personnel, including specifically defendant

NYCPD supervisors noted herein and/or police officers stationed at the precinct for  ; (c) failing to forward to the office of the District Attorney of Kings County evidence of criminal acts committed by other suspects; and (d) failing to establish and/or assure the functioning of a meaningful departmental system for dealing with complaints of NYCPD supervisors or employees and/or police misconduct, and/or negligent failure to act to secure the safety of a citizen and to prevent further violence to that citizen but instead responding to such valid complaints of the plaintiffs supported by others and official denials calculated to mislead the public and actions taken to denigrate and punish the innocent citizen who fastidiously took every step humanly possible to try to help. This conduct also constitutes gross negligence under state law.

51.     As a consequence of the abuse of authority detailed above, plaintiff sustained the damages heretofore alleged.

FEDERAL CAUSES OF ACTION

52.     Each and every allegation set forth in Paragraphs "1" through "51" is incorporated herein by reference.

53.     The above described actions and omissions, engaged in under color of state authority by defendants, including defendants CITY, NYCPD and DISTRICT ATTORNEY'S OFFICE, etc. responsible because of its authorization, condonation and ratification thereof for the acts of its agents, deprived plaintiff of rights secured to him by the Constitution of the United States, including, but not limited to, his Fourth Amendment right to be free from false arrest and imprisonment and the right to be free from unjustified and excessive force utilized by police, and his Eighth Amendment right to be free from cruel and unusual punishment, his fourteen amendment right to due process.

17

## PENDING CAUSES OF ACTION

54.    Each and every allegation set forth in Paragraphs "1" through "28" is incorporated herein by references.

55.    Plaintiffs filed a written Notice of Claim with defendant City of New York within 90 days after plaintiffs' claim arose, demanding adjustment and payment, as mandated by Section 50(e) of the General Municipal Law of the State of New York.

56.    More than 30 days have elapsed since service of such Notice of Claim and adjustment or payment thereof has been neglected or refused.

57.    This action has been commenced within one year after the termination of criminal proceedings against plaintiff pursuant to Section 215(8) of the New York CPLR and/or within one year and 90 days of the date of the incidents alleged in instant complaint on 12/6/06 through 12/7/06, certificate of disposition dated 3/1/07 upon receipt of a letter from the Criminal Court on 12/22/06 and letter of counsel to DA on 2/1/07 after receipt from Transportation Security Administration of denial of license because of "open disposition for a potentially disqualifying criminal defense- Second Degree Robbery, in New York City, NY, on or about December 6, 2006"and/or respectively pursuant to Section 50 of the General Municipal Law of the City and State of New York.

58.    The acts and conduct herein before alleged constitute negligence, assault and battery, false arrest and imprisonment, malicious prosecution, defamation, prima facie tort, and intentional infliction of emotional distress under the laws of the State of New York. This Court has pendent jurisdiction to hear and adjudicate those claims.

## ATTORNEYS' FEES

59.     Plaintiffs are entitled to an award of attorneys' fees, pursuant to 42 U.S.C. 1988

(b); 42 U.S.C. 1983.

   **WHEREFORE**, plaintiffs individually demand the following relief, jointly and

severally, against all the defendants:

$1,000,000.00 against each defendant in negligence for false arrest, false imprisonment,

fraud, intentional infliction of menial distress, etc. in favor of each individual claimant

against each individual defendant Punitive Damages $1,000,000.00 against each

Defendant, Compensatory Damages $1,000,000.00 against each Defendant

       The items of damage or injuries claimed are ($1,000,000.00) see numbers 1

through 9 below:

|   |   |
|---|---|
| 1. | Negligence |
| 2. | False arrest |
| 3. | False Imprisonment |
| 4. | Intentional infliction of mental distress |
| 5. | Prima facie tort |
| 6. | Fraud |
| 7. | Abuse of Process |
| 8. | Filing a false complaint and/or attempt and/or conspire to file false complaint, commit said illegal act |
| 9. | Loss of consortium |

TOTAL AMOUNT CLAIMED: $36,000,000.00

   A.     Compensatory damages in the amount of One Million Dollars;

   B.     Punitive damages in the amount of One Million Dollars;

   C.     Attorneys' fees pursuant to 42 U.S.C. 1988(b); 42 U.S.C. 1983; and

   D.     For such other and further relief as to the Court deems just and proper.

Dated:     New York, New York
             December 5, 2007

Law Office of Stuart R. Shaw,

By: _____

Attorney for Plaintiffs
240 Madison Avenue, 7th Floor
New York, NY 10016
(212) 661-6750
(212) 661-6594 FX

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------x
In the Matter of the Claim of
SHAWN MONTROSE AND ANNETTE MONTROSE        VERIFICATION

                          Plaintiffs,

                                        **CASE NUMBER:**        **CIV.**
            -AGAINST-                              (      )

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, DETECTIVE HUTCHINSON
DETECTIVE ISAACS, AND POLICE OFFICER
"JOHN DOE"
--------------------------------------------------------------------x
         STUART R. SHAW being an attorney duly admitted to practice before the Courts

of the State of New York, hereby affirms under penalty of perjury as follows:

1.          I am the attorney for plaintiffs, SHAWN MONTROSE AND ANNETTE

MONTROSE, in the within action; that I have read the foregoing summons and verified

complaint; that the same is true to my own knowledge, except as to the matters therein

stated to be alleged on information and belief, and that as to those matters they believe

the same to be true.

2.          Deponent further says that the reason why this verification is not made by said

defendants is that they are not within the County of New York and that they reside in

Kings County.

                                        _____
                                        STUART R. SHAW, ESQ.

Sworn to before me this
5th day of December, 2007

_____
NOTARY PUBLIC

**Rochelle S. Granbard**
**Notary Public, State of New York**
**No. 01GR4832041**
Qualified in Queens County
Commission Expires Sept. 30, 2009

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

No. _____   CV _____

( )

In the Matter of the Claims of
MRS. MERCEDES ALVAREZ INDIVIDUALLY
AND AS PARENT AND GUARDIAN
FOR HER INFANT CHILD:
CHRISTINE RAMOS & CHRISTINE RAMOS
AN INFANT

Plaintiffs

-against-

THE CITY OF NEW YORK,
THE NEW YORK CITY BOARD OF
EDUCATION, I.S. 71 (JUAN MOREL
CAMPOS SECONDARY SCHOOL), REGION 8,
AND DEAN JAVIER FUENTES,
DEAN KLAPMAN, PRINCIPAL
HOWARD FINEMAN

Defendants.

## SUMMONS AND VERIFIED COMPLAINT

### STUART R. SHAW

*Attorney for Claimants*
**240 Madison Avenue, 7th Floor**
**New York, NY 10016**
**(212) 661-6750**

To:
Attorney(s) For:
Service of a copy of the within
Dated:

is hereby admitted.

Dated: 12/7/07

Attorney(s) for

Signature Rule 130.1-1A

Attorney(s) for Claimants Stuart R. Shaw

Please Take Notice

? Notice 20 of Entry    that the within is a (certified) true copy of a the office of the clerk of the within named Court entered in on

? Notice of at Settlement    that an Order of which the within is a true copy will be presented for settlement to one of the judges of the within named Court, on                    20, at                    M.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Index No. 2007 CV
(          )

SHAWN MONTROSE

-against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, DETECTIVE
HUTCHINSON DETECTIVE ISAACS, AND POLICE OFFICER "JOHN DOE"

## SUMMONS AND VERIFIED COMPLAINT

**STUART R. SHAW**
*Attorney for Claimants*
**240 Madison Avenue**
**7th Floor**
**New York, NY 10016**
**(212) 661-6750**

To:
Attorney(s) For:

*Service of a copy of the within*                                            *is hereby admitted.*
Dated: 12/5/07

_____
                                              *Attorney(s) for*

*Please Take Notice*

9         *that the within is a (certified) true copy of a*                    *entered in*
Notice    *the    office    of    the    clerk    of    the    within    named    Court    on*
19
of Entry

Notice of  *that an Order of which the within is a true copy will be presented for settlement to*
at         *the Hon.*                          *one of the judges of the within named Court,*
Settlement *on*                    *19, at*                    *M.*
Dated: